Okay, our second case is set and indeed our last case today is 4 1 1 0 5 4 0 Henry Tyler s And for the appellant we have Jacqueline Bullard for the Appalachian Astos Oh By the way, I apologize for scaring everybody by getting locked in the courtroom. It was a first for me, so My name is Jackie Bullard, and I represent the respondent minor in this case Tyler s That's matter in delinquency proceedings perhaps nowhere more than in a case in which the minor is is accused of committing a sex offense Thankfully providing notice to those parents to assure their appearance is a relatively simple task And in the case of out-of-state parents, which in this case is the issue We're here to discuss it is particularly easy it consists of placing the petition and the summons in an envelope and dropping it in the post But despite this deceptively simple nature of the task it is mandated by statute, and it is absolutely critical I found that statute a little hard to read or all for those requirements It's like I might and child support and Contact and all four of those are required. Yes, your honor before notification is required Well notification is presumptively required for all parents the statute applies requires notice And then there is an exception to notice for non custodial parents who both Do not pay child support and do not have regular contact with the child okay, and that says Pursuant to a support order Yes, so that's also a requirement that to be pursuant to a court order it is your honor There's not necessarily of the particular word order or a copy of the child support order in the record, but in this case Reasonable to assume DCFS reports reference the fact that the mom is receiving child support mom claims child support Income in her financial affidavit, and if that were not a regular Regularly required child support it would be very unlikely that she would is that In this case there are three statutes that really intersect when it comes to the notice issue and who has responsibility for what? The first is subsection 520 of the act which requires the state when filing the petition To include the parents name and address in the petition itself in turn then subsection 525 it's a requirement on the clerk of the court to issue summonses to the minors parents presumably based on the address that the state has put in the petition and Then finally for any subsequent motions or amended petitions that are filed in the case then the party Which would be the state in this case would be responsible for providing adequate notice in this case? Everyone knew dad's address, and they knew it in plenty of time to let you know that the proceedings were being instituted against his son Before the petition was even filed the chief DCFS investigator in this case and the chief law enforcement Officer in this case were aware of the the father's address and telephone number and in fact the DCFS Investigator had actually spoken with dad We know that the DCFS investigator is in contact prosecutor in this case because we also Find in the record her notation that she has left a message on The assistant state's attorney's voicemail in this case letting him know that She believes that court involvement in this case is necessary in order to get the family into treatment So before the initial appearance law enforcement DCFS is aware of the address at the at the initial hearing the court out inquires about about dad's address and Mom responds. I don't have it with me The trial court directs her to provide that address to the state's attorney whether she did or not We don't know but in any event. It's not her responsibility to provide notice to dad. It's the state's attorneys Eventually by December 15th by December 15th, which is before any substantive here proceedings occur in this case The court is in possession of the father's address and telephone number and the next day provides that documentation To the state. I think you make a pretty powerful or persuasive argument in regards to Notice not having been given and there having been enough information On the state side to be able to provide that at least there was court direction to the state to provide the notice but then what impact what practical impact did not serving father would notice have on the Proceedings to where we can say that this Had a serious effect on the fairness of the proceedings and let me piggyback on that and of course This is something that was not raised with the trial court. That is correct. So that affects the analysis. Yes ordinarily Failure to serve a non-custodial parent is an easily forfeitable offense And more ordinarily cannot be raised on direct appeal subject to forfeiture however, this court in Marcus W carved out an exception to that rule and that exception is when there is no parent present and The state knows the address and so due diligence can't be presumed Then as a matter of fundamental fairness under the second prong of plain error This court will reach address the issue and send it back for new proceedings in this particular case We argue that the mother in this case was the equivalent of no parent and in some respects was actually worse than having no parent there in this case Tyler's mother was also the mother of the complainant and the trial court itself actually recognized this we know by at least sentencing because the trial court comments that mom is in an impossible position trying to be a parent to her child and a parent to the victim in this case and when we look at the record it is pretty apparent that Tyler came out on the short end of that stick when mom was weighing her Responsibilities can you be more specific counsel? Yes, we're in the record There are there are several factors that we know from the record that tell us that she is that she's feeling this pressure that she Actually feels that her loyalties feel torn She has three younger children one with her current husband and she and her current husband have received a letter from DCFS That says if you fail to cooperate in this investigation against her son Tyler that failure to cooperate can be used against you The fears that that letter engenders were were Were raised even greater because in addition to this particular allegation of sexual assault there were all there was also evidence that mom kept a filthy house That her children all suffered from chronic head lice So this is a mom who's afraid to lose children and she tells us that She says that in the record that she that she says she feels pulled out over fear of losing her children And then in addition to those sort of inherent pressures that she's feeling and that she acknowledges she's feeling she takes actions They're absolutely inconsistent with a parent trying to protect a child charged with the sex offense the first obvious one is She puts him in a car and she drives him 20 miles away to Champaign County and she delivers him to the office of DCFS Knowing that he's going to be interrogated about the offense Without ever telling him why he's put in the car without ever asking him if he wants to participate in this interrogation She enters the interrogation room and very shortly thereafter In fact the detective Shaw reads Miranda rights to Tyler and then at that point Asks her to leave because he doesn't want to embarrass Tyler and mom leaves and at the suppression hearing mom testifies I felt intimidated because Shaw was angry at me for not reporting these allegations about my daughter's All right. No, I want to make sure we're talking about the lack of notice at this point So my question dealt with what prejudice or how did the failure of the state provide notice? result in a Serious deprivation of Tyler and all of this predates The filing of any proceeding what you're talking about here the the interview with Tyler at what point? Let's just pick a point in time where notice should have been given to the father according to your argument What happened after that in terms of the court proceeding that would point towards prejudice having? Resulted to Tyler by the father not having been provided notice Well, I think we have to go back and talk about in Ray Marcus W because that is really the case that talks about when there's no parent present and this court doesn't require in Ray in Ray Marcus W to prove any prejudice for the for the fact that there's no parent that's present In fact in Tyler asked that one of the arguments the state was that a plain error case It is a plain error case plain error as based on fundamental fairness of the proceedings, so this court says has said that Even though it's a plain error case case no prejudice How did that I need to read that how did they decide that was plain error? But under fundamental fairness that not having any parents at a delinquency proceeding So undermines the fundamental fairness of the proceeding that you get a reversal and remand And I would note that in that in Marcus W Marcus W wasn't a trial It wasn't it was merely a probation revocation proceeding and this court held even in a probation revocation proceeding If there's no parent present and the state knew the address of at least one parent and didn't serve the parent Reversal is required and the comments that this court made in Marcus W if I could in Marcus W the state argued You can't There was a grandmother who wasn't served who was basically the custodian of Marcus for quite a while and then also his mother who had very little involvement in Marcus's life And they had a known address for grandmother There was a known address, but you weren't but but no one was certain if that was a good address for mom This court held that failure to provide notice to both mom and grandma Was error and when the state argued well we don't even know if if mom's address was correct because it's so old and this court said and That's really the point. We don't know if you had tried to serve mom We'd know if it was a good address or not if you had taken that Ministerial step of providing notice we'd know and in this case by not having Tyler's Father present that really is the point we don't know we don't know then your answer to Justice Harris would be that What we have here is the equivalent of no parent being there For the proceedings and therefore in Ray Marcus W should control And I would even argue that that this case is even more compelling because in some respects she was the state's first witness She was reached we would have been better off if she hadn't been there at all What evidence does she provide that was so helpful to the state? She leaves some basic foundation testimony about the layout of the house because the incident was alleged to have occurred in a dining room It's directly adjoining a living room where she and at least one other sibling was sitting at the time But then she also talks about how her daughter is intelligent and talkative Thereby the indirectly bolstering her daughter's credibility in the case and then when the daughter testified she could not Recall basically she was basically of no use to the state and the judge primarily made the decision Based on the interview that the child had given some time ago. Is that correct? Yes And I think that we don't know for certain what difference dad would have made But we can it doesn't take a lot of imagination to imagine what might have happened The fact that this father wasn't invited involved in Tyler's life up until this point doesn't mean that this father won't become involved When something as serious as the delinquency proceeding is instituted against his child You can imagine this father showing up and saying what's happening to my child support. You've got this filthy house You can't seem to take care of my child Maybe this is the impetus for dad to actually become involved in the child's life in a way that he hasn't been Before but aren't we looking at what impact it had on his case the juvenile delinquency case? We're not looking at whether or not they could now have a viable relationship and a future relationship That's correct But the juvenile court act requires the presence of parents and it requires the presence of parents for a reason because only a parent Is tasked with looking out for the best interest of the child? To look at what's best for the child without a parent and without a guardian ad litem There's no one in that courtroom who's tasked with that obligation And there was no request made by any party for a guardian ad litem. Is that correct? There was not and in in Ray Marcus W That was a situation where literally neither of the parents were served and on top of that It seems like lack of supervision was an integral part of that case. Is that accurate? I think it's accurate to say that the parties in the court were puzzled by this residential placement facility would Just drop to Marcus in Champaign County with any without any adult supervision But he was 18 at the time he was an adult and could have lived on his own without any parental supervision So even in a case where you've got a child who by the time the proceeding occurs is an adult is 18 years old is living On his own the juvenile court act and the requirement that a parent be served in a case is so critical that even under those Circumstances it is plain error and reversible error not to serve not to serve the parents In This case and this is not the first Champaign County case where we have Delinquency proceedings where the state has failed to follow through with a very simple notice requirement in a case where they had the address Marcus W also was a Champaign County case in Marcus W. This court stated for decades We've been saying state get your acts together and start providing notice to these families because it's just not that difficult And three years later, we're back here again with another Champaign County case when all it would have taken was a stamp and envelope So counsel, let's assume that we do find that it was clear obvious error for them not to send the notice Tell me if the evidence was so closely balanced that that error alone basically Changed things for this child how so? The argument the response to that is twofold first You need the parent regardless of the closeness of the evidence or the nature of the proceedings The act requires it and because we don't know what the what the parent would have provided It's impossible to really prejudice because you don't know what that parent. I mean, that's again. That's really the point You don't know what the father would have no hair can't change the factors been in admission What the parent could have done I think that there's it I will admit it takes a little bit of inference But in this case very early on the DCFS caseworker left a message for the prosecutor that said We need court involvement because we need to get this into treatment And we don't think we can get him into treatment without court involvement Because we know that mom has some neglect related issues associated with the children I think it's reasonable to infer that we can't get the family treatment in this case because we can't count on mom To follow through if you have dad present I think that's a very different calculus and if the state has before it an involved father Who's willing to make sure that his son receives treatment? The state very well could say this is the kind of case. We'll get this kid into treatment We don't need to take the step of going through a complete delinquency adjudication We don't need to require this child to register as a sex offender for the rest of his natural life If what we can do is we can solve the problem short of a delinquency adjudication the juvenile Court Act allows and provides the discretion for the state and for counties to do that and again Because dad wasn't there we don't know if that would have been a possibility or not But it is within the realm of possibilities that that might have been one of the things But is that something we look at I mean, that's a lot of speculation I mean we know under the plain error analysis that we have to look at whether or not the evidence was so closely balanced And then we also have to look at whether or not the error Seriously affected the fairness of the proceeding so is that really a consideration? We should take or are we to look at you know the hearing and make the determination from that in the case of Marcus W and in my brief I argued the fundamental fairness prong of plain error so that doesn't relate to The closeness of the evidence right there, but in this case it is certainly This is certainly that there's no physical evidence in this case. There's no eyewitness testimony even though There was testimony that mom and at least one sibling was within eyesight of the incident The minor herself doesn't testify the state's required to rely on the recorded 115 10 statement so this isn't a case of overwhelming evidence and again, but in any event because of in rain Marcus W and the fundamental nature of this error of depriving parents of the ability to appear with their children and Look out for their best interests reversal is required under prompt to a plane The Relief that I would request is that We turn the clock back basically to the point where Tyler's father should have been served and wasn't and what that does is that encompasses? the motion to Suppress Tyler's statement, which is I argued in my brief. I'd also like for the support to reach that substantively in the interest of judicial economy It also encompasses the 115 10 hearing Tyler's trial and trial in Tyler's sentencing hearing Before you step side. I mean we spent a lot of time on the notice part of it, but really it's the Interrogation it's the admission made during the interrogation That is the linchpin of your case here because we were to find that notice was defective And it should be sent back you're still left with Tyler's statements made during this custodial or this interrogation what you consider to be a custodial Interrogation and that Basically puts you right back in harm's way Again, so we didn't talk about that, but I just want to make sure that I understand from your standpoint That is the number one thing here. Is that right? Yes, your honor I would certainly prefer that this court reached the interrogation issue and finds that the statement was involuntary Which would then provide direction to the trial court on remand? When they step into the process of starting to provide Correction notice to because if we find that notice was defective and State has to serve dad you come right back to this hearing again. You've got that same Level of evidence doesn't look good for you. It doesn't yes, sir. Okay, all right Thank you Thank you counsel. You'll have rebuttal. We'll be sure to ask Miss Brooks about the interrogation so you can appropriately respond on your rebuttal So we don't forget Miss Brooks, why don't we start off with the interrogation? Yes, thank you, man, please the court and counsel my name is Anastasia Brooks and I represent the people in this case If you'd like to start with the interrogation issue The state's position is that the trial courts factual findings are not against the manifest weight of the evidence Here there's the situation where the trial court has expressly found that the the minor was not a credible witness and Disbelief that that includes that there's a disbelief that the detective Shaw had yelled at the minor and that the Minors claim is that he had confessed because he was being yelled at and that made him scared and part of the trial courts ruling is that the trial court was Noted that the minor had difficulty articulating exactly why he was scared and so The trial court did not accept his claims as a factual matter or as a matter of credibility Regarding the reasons for why he decided to confess as being an involuntary reason for confessing In particular it does not seem the trial court believed the minors claim for example that he was promised leniency if he confessed that it would Be easier on him if he had taken responsibility and in any event respondent did not cite that and other reasons claimed in this brief as the reasons why He did not testify at the hearing as that those such as a promise of leniency Was the reason he decided to confess? So a similar claim for example that the respondent makes is that he was interrogated before by different detective in the same room about a similar claim of inappropriate touching and this was four months before and He was let go after claiming that he may have inadvertently or accidentally touched this other girl And when he returns he's confronted with a different a different claim of inappropriate touching and this time he admits it that he'd actually placed his hand underneath clothes inside the front part of his half-sister and It wouldn't be reasonable for him to think that if he admitted to that kind of touching and not And claim that he was sexually aroused for example Not claiming that it was an inadvertent touching instead they would not be reasonable for him to think that he could then admit that and Have the expectation that the police were not going to hold him accountable for that Which is what happens when he was first interrogated regarding a similar Allegation in the first situation he was able to maintain his denials And he then eventually only disclosed inadvertent touching and here He was eventually told in a tone of voice that exhorted him to tell the truth take the matter seriously and Take responsibility for what he did and he was faced with the accusations And the officer claimed that he believed the girl who was making these accusations But none of this activity is anything that's recognized by courts as making an admission involuntary as a matter of law It's not exhorting a witness or an accused to tell the truth, or it's simply raising their tone of voice slightly Not to the level of yelling even for a minor 16 who's in some intelligence. Who's given all of his physical Needs and attended to interrogated for only an hour in the morning. It's not a situation where there was any sort of improper conduct by the police to over overbear his will so it was not a situation where His his explanation for why he confessed and the trial courts credibility findings All limit this court's review So it constrains this court to to adopt the state's position that that there was in fact a voluntary Confession and that the suppression issue Suppression motion was properly rejected. You know miss Brooks Respondent raises an interesting point. I think in regards to the mother and What is termed to be divided loyalties where you have? Tyler's mother also being the mother of other children perhaps DCFS being involved in determining whether or not Tyler's mother is a fit mother in regards to these other children, and then she's also the mother of the victim and so I'm thinking about What immediately precedes the interrogation in the conference room, it's Tyler's mother Taking Tyler putting him in the car driving 20 miles not telling him that this he's going to be interviewed about this Perhaps her motivation at that point isn't to try to help Tyler, but it's to try to find out What's happened to her other daughter? And then she's asked to leave the room and she does leave the room Come back in we have that dynamic going on or at least that's the flavor of what I get in reading the Briefs here does that come into play in? The courts or should it come into play in the courts determination as to whether or not this is a voluntary statement being made by Tyler everything that's going on in the background and his mother's role these I'll be this interrogation Yes, your honor the The trial court's findings is that this was not this was the opposite of custody this was not that similar situation even if this court were to agree with the Respondent find that against the manifest away to the evidence and consider this to be more like an incustodial situation Where the child was was Miran dies made a knowing and intelligent waiver of his Miranda rights had an opportunity if he'd wanted to consult With either the juvenile officer in the room or with his mother about the meaning of those rights It's a situation where even if he were in custody He could have still made a voluntary admission So the fact that he claims on appeal that He felt his right to leave the room even though he was explicitly told that by the officer to terminate the interrogation Anytime was illusory because he claims that his mom delivered him there for interrogation was outside the room And where was he going to go 20 miles away by himself? That's his claim, but that's not why he said he confessed He said he confessed because he was scared, but he couldn't say why he was scared So the trial court's not required to find that the confession is on involuntary under those circumstances Just because of the mother's role as Identity I mean as a parent of the alleged victim So I would like to move on to the notice issue heavily argued by the respondent The respondent says DCFS reports and One of the things from DCF reports is that Barbara Barbara trailer one of the employees of DCFS and called the respondent father He claims at that point that in this was from a note from a report in October 5th that he did not know about these incidents the investigation But that contact gives him actual notice that his trial is in trouble, but still he doesn't show up So there's no formal notice under the statute if it were required in the state contest that was required But even then if this court were to reach the second prong plane error analysis It's the but if the father has actual notice, but still doesn't show up Then that that should color this court's analysis of the alleged Allegations of prejudice, but first I'd like to start with the the clear obvious error issue and The state had claimed that the record did not show that there were in fact the in applicability in applicability of these exceptions to the notice requirement in specifically referring to the regular payment of Support pursuant to a court order and in response the the respondent's attorney sites pages of the record I've wanted to notify this court that I have not had an opportunity to look again after the filing of the response At those particular pages of the record and therefore I have to trust this court's review of the record to determine whether in fact There is enough documentation in the record of an actual support order for support that would make that exception in applicable and if that were the case then I would have to withdraw my argument as being a Erroneous if I had in fact missed those parts of the record that the respondent relies on in reply But even if there were a clear obvious error the respondent has not met his burden of showing that His procedural default should be excused under second prong of plain error the primary case he cites is Marcus W. Okay case that is heavily distinguishable and the reason why it's because the most central part of Marcus W. Is the fact that that minor received a prison sentence and here minor got probation Because the parents in this case was there the custodian parent was there and Had arranged it such that he could stay the child could stay with his grandmother outside of the residence of the victim And the parent advocated for probation and in Marcus W. Was a different case It's a case in which the trial court actually cited the lack of adult supervision in support of the decision To send that child in Marcus W. to prison so that makes it Prejudicial and that's that's a major factor. That's totally missing from this case And and and for that reason the the much more on-point case is the case of Ricardo a and There's two things from a car later important minor cannot stand silent Represented by counsel and then later complain on appeal about the lack of notice to a non-custodial parents But the more important part of the cart away is the lack of evidence Regarding what sort of aid or assistance or help that the non-custodial father could have given if he had notice and were present and Here the respondent readily admits that she doesn't that he doesn't know and can only imagine What sort of help the the minor the minors father might have been able to provide if he were to show up and the speculation? Somehow that no petition would have been pursued This is a case in which petition was already filed and the question is whether the miners father gets notice of that petition And summons is served after the filing of that petition So it's not a case where somehow the minor would not have been interrogated would not have confessed and the petition would not have been filed If notice were served because all those things had already happened by the time notice should have been served according to the respondent and Isos the state emphasizes that the miners grandmother attended several of the hearings beginning in the case And this is the similar. This is like a parents Grandparent though But it was something with whom the respondent lived person whom respondent could turn to for the type of support that he's now seeking And wishes that his father could have provided for him so he did have a concerned adult in his life that was able to support him throughout the proceedings and that's a major factor also that's different from the Marcus W case and Also with the respect to the issue of due diligence the prosecution's due diligence JPJ JPJ and MW are cases that show that when this type of question is forfeited and respondent is relying on a Barren record or lack of an adequately deaf developed record to complain about the lack of due diligence due diligence has to be presumed in this sort of situation because it was not raised below and Also is concerned in MW about not permitting miners in these sorts of cases to keep this issue in reserve to be used on it on appeal if that were necessary and So those are other reasons to hold the minor to his forfeiture and not Permit him to prevail on an issue raised for the first time on appeal The prejudice here's claims is the fact that the mother had delivered him an interrogation again in fact not related to the fairness proceedings And that she testified for the prosecution Well again that does not make the Proceedings unfair for the reason that her testimony was inconsequential so she described the layout of the house that's not really in dispute and Described them that her daughter's being intelligent talkative, but the state disagrees those are not Anything that that relates to the miners credibility that she's not a witness Testifying as a witness to the actual sex offense or to the miners Admissions she's just simply describing her daughter's talkative and intelligent and mentioning how her house is laid out So it's not a situation where somehow She's unable to Be a person involved in his life who cares about him the way the state reason response brief is he's making the complaint That his minor was not solely Concerned for his welfare Well, I don't know of any parents who's going to have nothing but sole concern for his or her child's welfare I mean parents are not like attorneys That's the allegation of the analogy drawn in the defendant's brief an attorney the client is the master The attorney owes the duty of allegiance to that clients parents are not Are not owing allegiance to their children their children are not their masters So the situation like in sprites are where first a conflict rules are applied in the context of the current attorney-client relationships It's not analogous because Because the first day conflicts in that case don't disqualify for example a parent for me being involved in the case I mean the complaint isn't here that says well She was conflicted because she was the parent of the of the daughter who is the victim therefore? I don't hear the respondent making the argument well She should not have even been allowed to participate in the case because she's got a conflict of interest Well his claim is though that she's worse than no parent at all, but the state disagrees with that claim and And in the state also disagrees with the respondents claim That she was effectively the equivalent of no parent at all, and that's just not the case And the respondent has the burden of persuading that this type of case should fit in the Marcus W situation and even if she were No parent there, there is no obvious issue of prejudice It's not a situation for example where the father could have arrived and tested and there was a plea offer on the table and the father could have said Take the plea it will void your sex offender registration and the mother was saying no No, you got a plea you got to go to trial and then he goes to trial loses It's not a situation where the mother's actively working against the child or telling the trial court to sentence him to prison because he's A person she's afraid of or he feels that she does that he deserves to be punished. It's not a situation She's working against him, so like when you get to the situation of whether a guardian ad litem should have been appointed The Koenig case which is in remarriage of Koenig child's interests were already adequately protected by an appointed attorney The criminal defense attorney who's there to zealously advocate his interests a guardian ad litem It's like in the role of concerned parents But the guardian ad litem is appointed duty is to report to the court on the child's best interest Which is most significant at the dispositional stage here. There's no disconnect That there's the best interest reserved by probation So it would not have served the minor to have a guardian ad litem appointed and courts have recognized that guardian ad litems often make recommendations that are opposed to the interest advocated by By the respondents appointed attorney who has a different duty which is to zealously advocate for his client And also the respondent cannot get by the in re Austin M case and I quote very briefly from that There is no requirement that a guardian ad litem be appointed in delinquency proceedings period That's the law the respondent is trying to get this court on plain error review to change the law change the law Does not require the appointment says the trial court may appoint and in an analogous situation in remarriage of Ricketts I quote here or I don't quote but it says that my notes say the failure of the trial court to point a guardian ad litem Sua sponte is not an abuse of discretion. So that is the rule on that issue and So that's the state's arguments in this case, I'm still here to entertain any further questions you may have I Rebuttal, please I Could just respond very briefly to the three GAL Three points that council made regarding GAL and then I will get to the interrogation case Council argues that in this case dad had actual notice because he had been called in Marcus W This court said actual notice doesn't matter in Marcus W Grandmother had been called when the minor was taken into custody and she was informed against the instigation of delinquency proceedings in this court So that's not enough. It's the statutory notice. It's required and matters But I would also know the state's cases where it talks about harmless error and Questioning about what role fought the the non custodial parent could have played in the state's cases. There was a non conflicted So the state's cases are completely in opposite in terms of talking about prejudice I would not be here making this argument if I had a conflict free mother sitting in the courtroom and the state had failed to Notice of non custodial dad. It's because in this case there was no competent custodial parent in that courtroom It's focused solely on Tyler's best interests in terms of time at the interrogation That took place in this case I think any discussion has to be prefaced with the fact that the United States Supreme Court has recognized that children are constitutionally different than adults When it comes to a variety of things and those are based on adolescent development. There are the particular Characteristics that are relevant in an interrogation case is that children are more susceptible to pressure than an adult in a comparable situation That they lack experience and the perspective to be able to make Judgments ie exercising their right to silence That they also have difficulty in impulse control and they're focused on the near term And I think that in this particular case when you look at the characteristics of the interrogation that took place in this case based solely on Detective Shaw's testimony Detective Shaw's testimony alone establishes that this interrogation was coercive Despite the fact that in the 11510 hearing he talked about the most effective way to get truthful statements out of children is to ask open-ended questions The detective after getting rid of mom out of the room in short order Began the interrogation by his own account by starting with an accusation of guilt When Tyler continued to deny any responsibility Detective Shaw Kept accusing him of lying according to Shaw's own testimony If we take into account the trial courts findings as to credibility, do you believe the interrogation is still clearly custodial? Absolutely, your honor because if you accept Shaw's testimony as it stands about what happened in that interrogation room Yes, what Shaw alone says renders that interrogation Coercive I would also make two observations about the trial courts credibility determination Your review on whether this is a voluntary interrogation There's no deference due to the trial courts findings on that matter at all on the credibility determinations There's deference given to the trial court, but that is not absolute and there are two things They think their comment in terms of the trial courts finding that Detective Shaw was a credible witness Within Detective Shaw's own testimony at one point He says I asked him on to leave because I didn't want to embarrass him I knew it was going to be difficult talking about sex in front of mom And that's the purported reason for trying to get mom out of the interrogation room But yet what we know by the end of the interrogation is when Tyler is sitting in that chair Crying and hunched over that detective calls that mother back into that interrogation room and makes Tyler recite Everything that he's just told the detective so the notion that this detective is trying to So the detective is caught in this even within his own testimony With with some measure of untruth in terms of his in terms of why he did one thing But but the evidence is completely contrary the other is the trial court talked about Tyler couldn't Couldn't articulate why it was he was afraid. I don't think anybody who needs a 16 year old is Surprised by the idea that a 16 year old reacts to something or think something or feel some way and can't articulate Why that's the nature of children that they are not always able to say why it was I was afraid No, it was afraid, but I don't know why I was afraid I can't articulate it the other is trial court in this case And we don't find out until sentencing Tyler has an odd demeanor an odd socially impaired demeanor that the trial court says I'm not surprised about the fact that the mental health professional suspected that he had Asperger's So you've got a child that and surely his affect didn't change from the point that you were at the suppression hearing To the point that he was at sentencing so you've got this child who's got it some sort of affect disorder Which makes it very difficult to judge credibility, and you've got the trial court recognizing that there's something off about this so Stands in recess